This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**RAYMOND TRUJILLO,**

Worker-Appellee,

**v.**                                    **No. 32,487**

**THE GEO GROUP, INC. and**
**NEW HAMPSHIRE INSURANCE**
**COMPANY,**

Employer/Insurer-Appellants.

**APPEAL FROM WORKERS' COMPENSATION ADMINISTRATION**
**Gregory D. Griego, District Judge**

Benito Sanchez
Albuquerque, NM

for Appellee

Allen, Shepherd, Lewis & Syra, P.A.
Kimberly A. Syra
Sebastian A. Dunlap
Albuquerque, NM

for Appellants

**MEMORANDUM OPINION**

**FRY, Judge.**

Employer-Insurer appeals from a workers' compensation order. We issued a notice of proposed summary disposition proposing to affirm on December 12, 2012. Appellant filed a timely memorandum in opposition on December 21, 2012. Worker filed a memorandum in support on December 28, 2012. We remain unpersuaded that our original proposed disposition was incorrect, and we therefore affirm.

In its docketing statement, Appellant argued that the Workers' Compensation Judge (WCJ) erred in failing to accept deposition testimony regarding maximum medical improvement (MMI) as conclusive for determining Worker's entitlement to all benefits, and that other evidence was not admissible to show Worker's MMI for a psychological condition. [DS 1-4] We proposed to affirm on the basis that the deposition testimony Appellant cited was irrelevant to the issue of MMI for the psychological condition and that the evidence supporting MMI on the psychological condition was admissible. [CN 2-4]

In its memorandum in opposition, Appellant does not argue that this proposed disposition is incorrect. Rather, Appellant now argues that Worker violated the terms of the pre-trial order by presenting the issue of entitlement to temporary total disability benefits (TTD) for the psychological condition. [MIO 2] Appellant argues that the pre-trial order does not list Worker's entitlement to TTD for the psychological issue as a contested issue, and the WCJ improperly allowed the amendment, causing

2

prejudice to Appellant. [MIO 2-3] *See* NMAC 11.4.4.12(L)(3), (10) (2010, prior to amendments through Dec. 2012) (stating that the pre-trial order shall contain a list of contested issues and the WCJ can only modify that pre-trial order "as provided by law").

We disagree that the amendment of the pre-trial order caused any prejudice to Appellant. The memorandum opinion signed by the WCJ indicates that, at trial, counsel for Worker moved to amend the pre-trial order to include the issue of TTD benefits for the psychological condition, and Appellant consented to the amendment. [RP 136] Appellant does not dispute this in its memorandum in opposition. [MIO 2-3] We therefore find no error in the amendment of the pre-trial order in this case. *See Lucero v. City of Albuquerque*, 2002-NMCA-034, ¶ 11, 132 N.M. 1, 43 P.3d 352 (finding no error in the WCJ's amendment of the pre-trial order to add a contested issue where there was no prejudice to the employer).

For these reasons, and those stated in our notice of proposed summary disposition, we affirm.

**IT IS SO ORDERED**.

_____
**CYNTHIA A. FRY, Judge**

**WE CONCUR:**

_____

**TIMOTHY L. GARCIA, Judge**

_____

**J. MILES HANISEE, Judge**